FILED
September 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003752572

JEFFREY M. VETTER
CHAPTER 7 TRUSTEE
P.O. BOX 2424
BAKERSFIELD, CA 93303
(661) 809-6806

# IN THE UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re:

GARY LEE KRIGBAUM, SR. and
CHERYL ELAINE KRIBGAUM,

Debtor(s).

Case No: 11-16333-B-7

Chapter 7

DC No. JMV-1

**APPLICATION FOR ORDER AUTHORIZING SALE OF PERSONAL PROPERTY TO THIRD PARTY SUBJECT TO OVERBID**

Date: October 6, 2011
Time: 10:00 a.m.
Place: U.S. Bankruptcy Court
1300 18th Street, Suite A
Bakersfield, California
Judge: W. Richard Lee

TO THE HONORABLE W. RICHARD LEE, UNITED STATES BANKRUPTCY COURT JUDGE:

I.     INTRODUCTION

The Trustee moves the Court for authority to sell a Time Share located at Pismo Creek RV Mobile Home Park to Chris Steiner ("Buyer"). The Trustee received an all cash offer of $5,500.00 and has accepted it pending court approval. The Trustee has received a 10% deposit in the amount of $550.00 from Chris Steiner ("Buyer"). Any party desiring to bid at the hearing

must follow the instructions provided in the *Notice of Hearing of Motion by Trustee for Order Authorizing Sale of Personal Property to Third Party Subject to Overbid* filed and served herewith. The sale is expected to yield $5,500.00 for distribution by the Trustee.

## II. JURISDICTION AND AUTHORITY

The court has jurisdiction under 28 U.S.C. Section 1334 and 11 U.S.C. Section 363. This is a core matter under 28 U.S.C. Section 157(b)(2)(A) & (N).

A Trustee, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. 363 (b)(1). In determining whether to a sale, a Bankruptcy Court must determine that the sale is supported by a showing of "good business judgment."

## III. FACTUAL BACKGROUND

Jeffrey M. Vetter is the Trustee in the Chapter 7 case. Debtor filed for relief under Chapter 7 of the Bankruptcy Code on May 31, 2011.

**The Property**. The property is a Time Share located at Pismo Creek RV Mobile Home Park ("the Personal Property"). The Personal Property is property of Debtors' Gary and Cheryl Krigbaum.

**Proposed sales price and terms**. The sale will yield $5,500.00 for distribution by the estate based on the Trustee's agreement with Chris Steiner ("Buyer"), or highest bidder, to purchase the Personal Property for $5,500.00. The Trustee believes $5,500.00 represents the fair market value of the property and the best price obtainable under the conditions of Debtors' Chapter 7 case. The Trustee is informed and believes that in addition to the purchase price, there is an approximate fee of $400.00 to transfer ownership. The $400.00 fee will be paid by the purchaser above and beyond the purchase price.

**Liens, encumbrances, and exemptions**. According to Debtors' Schedules of Assets and Liabilities, the Personal Property is unencumbered. Debtor did not claim an exemption

regarding the Personal Property according to the schedules. Neither Debtor resides at the Time Share.

**Benefit to the Estate.** The Trustee believes that the sale of the Personal Property to the Buyer, or highest bidder, is in the best interest of the estate because it will yield funds to be distributed to creditors.

In his business judgment, the Trustee believes that sale of the Personal Property under the terms described in this Application is in the best interest of the estate. The sale allows him to liquidate a significant asset of the estate, and to move forward with the administration of the estate.

## IV. CONCLUSION AND PRAYER FOR RELIEF

The trustee accepted an offer to purchase the Personal Property based on the facts of Debtors' case. The sale, if approved, will result in approximately $5,500.00 being made available to pay claims. The Trustee represents that the sale is an appropriate exercise of his business judgment and requests court approval.

WHEREFORE, Trustee prays that:
1. the Application be granted;
2. he be authorized to sell the Personal Property to Chris Steiner ("Buyer") for $5,500.00, or to the highest bidder at the hearing;
3. he be authorized to execute all documents necessary to effectuate the sale of the Personal Property to Chris Steiner ("Buyer"), or the highest bidder at the hearing;
4. for such other relief as the court determines is just and proper.

Dated: September 7, 2011

JEFFREY M. VETTER

By _____

Jeffrey M. Vetter, Chapter 7 Trustee

E-Filed by: Jeffery M. Vetter
661-809-6806
jeffreyvetter@hotmail.com